171 So. 918

**PERKINS v. STATE.**

**2 Div. 591.**

Court of Appeals of Alabama.

Jan. 12, 1937.

A. W. Stewart, of Marion, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction pronounced and entered against this appellant at the Fall term, 1935, of the circuit court of Hale county, for the offense of unlawful possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors and beverages; and, for the offense also of making, manufacturing, or distilling such beverages. The court duly sentenced the defendant to serve an indeterminate term of imprisonment in the penitentiary.

The evidence adduced upon the trial, in the court below, without dispute, established the corpus delicti as to both of said offenses, and the only question presented was the participation by the defendant in the commission of the crime complained of. On this question, the evidence was in conflict. That for the State consisted of the testimony of two officers of the law, each of whom identified this appellant as the perpetrator of the crime. They testified that on the morning in question they went to the still and there discovered not only a complete still, but also large quantities of mash suitable to be-

used in the making, manufacturing, or distilling of whisky. Further, that when they first arrived at the place, the time being before daylight, no one was at the still, that they secreted themselves in different places in close proximity, and after waiting some time, this appellant and a negro man arrived and proceeded at once to assemble the still, fired up the furnace, put in the mash, and had made half gallon or more of whisky, when the officers "flushed" them, this appellant ran and escaped, but was later arrested at his home. Their testimony as to the identity of appellant was direct and emphatic. They stated they had known him for a long number of years during which time they saw him two or three times every week. That on the morning in question they were within a very few feet of him, etc.

The defendant denied he was the man at the still and he testified that at the specific time the officers had fixed he was at his home some mile or more away engaged in duties upon his farm. He offered the testimony of other witnesses to corroborate him in this insistence. Thus, the testimony tending to connect the defendant with the commission of the offense was in conflict and as a consequence making it a question for the jury to determine. The jury returned a verdict of guilty as charged in both counts of the indictment.

No motion for a new trial was made; nor does the bill of exceptions state that it contains all of the evidence adduced upon the trial.

The several exceptions reserved to the court's rulings upon the admission of evidence are so clearly without error no discussion in this connection need be indulged.

Charge 2, refused to defendant, is not a proper charge. It is involved, and does not state correct propositions of law. A jury has no authority under the law to be governed or resort to "any other reasons" (other than the testimony) to engender a reasonable doubt of the guilt of the defendant, as charge 2 provides.

We discover no error in any ruling of the court calculated to injuriously affect the substantial rights of the accused. The record itself is regular and without error. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.